UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUANUNA,

Petitioner,

-against-

MULLIN, ET AL.,

Respondent.

26-cv-6352

ORDER DENYING REQUEST FOR PRO BONO COUNSEL

JOHN G. KOELTL, United States District Judge:

The petitioner has filed an Application for the Court to Request Counsel. For the following reasons, the application is **denied**.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

The Court cannot determine at this point whether the petitioner's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. The Court similarly finds that the other *Hodge* factors weigh against granting the petitioner's application.

## CONCLUSION

For the foregoing reasons, the petitioner's Application for the Court to Request Counsel is **denied without prejudice**. The petitioner may consider contacting the City Bar Justice Center's Federal Pro Se Legal Assistance Project in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing

themselves in civil lawsuits in this Court. The clinic is run by a private organization; it is not part of, or run by, the Court. An informational flyer regarding the clinic is attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**The parties should confer and submit a status letter with proposed next steps by September 18, 2026. The petition is stayed pending the status update on September 18, 2026.**

SO ORDERED.

Dated: August 13, 2026
New York, New York

**/s/ John G. Koeltl**

JOHN G. KOELTL
United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)